DOWNEY, Judge.
Mose King, Jr., appeals from a judgment of guilty of attempted burglary and from a sentence of five years.
King poses four points on appeal, none of which constitutes reversible error. We feel, however, that one of the four points deserves comment. Therein King contends the prosecutor violated his constitutional right to remain silent by certain questions propounded to King and by the prosecutor’s closing argument. We believe King is correct in that contention and would feel compelled to reverse for a new trial if the error had been properly preserved.
King, in an attempt at accounting for his fingerprints’ being found at the scene of the burglary, took the stand and related a story of having gone to the home of the burglary victim in response to the phone call of an unidentified third party ordering some landfill. King said he knocked on the jalousie door and got no answer, so he opened the door and knocked again on an interior door. When he received no answer he departed.
While King was on the witness stand, counsel and the judge held a sidebar conference, in which the prosecutor advised the court that he intended to ask King to whom he had told that story before testifying at trial. The trial judge advised counsel he would allow the inquiry. Accordingly, the prosecutor asked King:
“Q. Mr. King, you have taken the stand here today after hearing all of the witnesses testify and you told the jury your side of how your prints got inside this woman’s house; is that right?
A. Yes.
Q. Okay. Well, that five months period up until today, tell me, Mr. King, who did you tell that story to knowing that it *252 could possibly absolve you from criminal charges? Who did you tell your story to, supposedly that you had been delivering dirt?
A. That’s the only thing I could come up with because this is what happened.
I’m telling you what happened in my behalf; how my fingerprints could have got there, not because I burglarized this woman’s house.”
At the time of his arrest King had been advised of his right to remain silent and he elected to do so. During trial he elected to take the stand and tell his story. The prosecutor’s efforts to belittle that story by asking if King had ever told anyone else the story during the five or six months prior to trial is an invasion of King’s constitutional right to remain silent. In his brief King candidly admits that no objection was made to this inquiry or to the prosecutor’s comments in the closing argument but argues that the prosecutor’s conduct was such a gross violation of his constitutional right to remain silent that it constituted fundamental error. We disagree that it was a fundamental error, relying on Clark v. State, 363 So.2d 331 (Fla.1978), and hold the error was not properly preserved for appellate review.
Accordingly, the judgment and sentence appealed from are affirmed.
GLICKSTEIN and BELL, JJ., concur.