**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rickey Leon JONES, Defendant-Appellant.**

**No. 73–1721
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1973.

\* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Neal B. Littlejohn, Columbus, Ga. (Court-appointed), for defendant-appellant.

William J. Schloth, U. S. Atty., O. Hale Almand, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

Rickey Leon Jones appeals from his conviction, after a jury trial, on two counts of bank robbery for violation of 18 U.S.C. § 2113(a) and (b). We affirm.

The facts essential to this appeal are clear. Jones was arrested at his apartment in Columbus, Georgia, on a charge of bank robbery. He was advised of his constitutional rights, and he stated that he understood them. Shortly thereafter, Jones was transported to the local office of the Federal Bureau of Investigation, where he was again advised of his rights. He again stated that he understood them, and he signed the rights form. Upon initial questioning, Jones denied knowledge of the bank robbery.

In a subsequent interview, Jones stated again that he understood his rights and indicated that he was willing to discuss the matter of the robbery. During this interview, one Bobby Lee Seldon, who owned the automobile used in the robbery, was brought into the interrogating room. Seldon was not a suspect, but he had furnished the FBI with information that conflicted with Jones's denials of guilt at the earlier interview. Seldon repeatedly urged Jones, "Tell the man the truth." Jones subsequently confessed, and the district court, over Jones's objection at trial, found the signed confession admissible.

The Government's case at trial rested primarily on the signed confession, on the testimony of four persons who knew Jones, and on the fact that at the time of his arrest Jones possessed two $5 bills whose serial numbers had been recorded by the bank and which had been given to the robbers in the course of the robbery in question. Jones claimed he had been given the money by one of the witnesses against him. The witnesses against Jones testified, variously, that they heard Jones and others discussing a bank robbery, and that they saw Jones with a large amount of money, some of it red stained, just after the robbery. The red stain on the money is significant because in this robbery the victim bank used a "security pack," which disperses red dye on stolen money in order to foil robbers' use of the money.

■ On appeal, Jones raises four issues. He first argues that after his several denials of any knowledge of a crime, the FBI should have refrained from questioning him until it was determined whether the repeated denials were intended as assertions of the constitutional right to remain silent. We cannot agree. Although Jones denied his complicity in the crime, he apparently indicated no unwillingness to discuss the matter of the crime. Denials of a crime by one well aware of his right to remain silent cannot, without more, be taken as an unspoken election to exercise the right to remain silent.

■ Jones's second contention is that a coercive atmosphere was created when the FBI brought Seldon into the interrogating room and Seldon urged Jones to tell the truth. Here, Jones relies on Spano v. New York, 360 U.S. 315, 79 S. Ct. 1202, 3 L.Ed.2d 1265 (1959), in which the Court held inadmissible under the fourteenth amendment a confession by a defendant against whom an indictment had been returned. We find that case readily distinguishable. In *Spano*,

the Court relied on the totality of the circumstances surrounding the confession: the police were attempting not merely to solve a crime but to secure a statement that would convict the defendant; the defendant had been subjected to questioning by many police officials for eight consecutive hours; defendant's requests to see his attorney had been denied; and the defendant's sympathy for a policeman friend had been falsely aroused. None of these circumstances is present in the case before us. In this case, the FBI, in an attempt to solve a crime, placed together two individuals who had made contradictory statements about a robbery in which both were implicated. The admonitions by Seldon do not, themselves, constitute coercive pressure rendering Jones's confession inadmissible. *See* Rivers v. United States, 5 Cir., 1968, 400 F.2d 935, 943.

Jones further argues that his confession was involuntary. We are not persuaded. The district judge, after a hearing held out of the presence of the jury, determined that the circumstances of the confession were free of coercion, threats, and promises, and, then, in his charge to the jury, submitted the issue for the jury's consideration. We find no error in the district judge's determination.

Jones's final contention is that his rights were denied because he chose to deny knowledge of the crime in the belief that if he remained silent, his silence could be used against him. This contention must also be rejected. The record reveals no evidence that Jones was led to believe or that he did believe that if he remained silent, his silence could be used against him. Moreover, Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966), and its progeny require no warning to the effect that an individual's silence cannot be used against him when he is taken into custody.

Affirmed.