417 So.2d 674 (1982)
Timothy DONOVAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 61023.
Supreme Court of Florida.
July 15, 1982.
Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
The First District Court of Appeal has certified that its decision in Donovan v. State, 400 So.2d 1306 (Fla. 1st DCA 1981), is in direct conflict with Roban v. State, 384 So.2d 683 (Fla. 4th DCA), review denied, 392 So.2d 1378, 1379 (Fla. 1980). Art. V, § 3(b)(4), Fla. Const.
Donovan was convicted of first-degree murder and sentenced to life imprisonment for the stabbing death of Theresa Moore. After the partially clad body of the teenage victim was found in a wooded area of Escambia County, Donovan agreed to be taken to the Escambia County Sheriff's Department for questioning as a possible witness. Upon arrival, several other potential witnesses identified him as the last person they had seen with the victim. He was given Miranda[1] warnings and taken to the Division of Youth Services (DYS) as a possible *675 suspect.[2] He did not sign a waiver form when first read his rights. At DYS he was again read the warning, signed a waiver form, and gave an incriminating statement. Donovan's statement came within ten minutes after first arriving at the sheriff's department.
At trial, Deputy Sheriff Vernon Smith introduced two incriminating statements and some physical evidence, including the murder weapon, that had been obtained through Donovan's cooperation. Smith testified about Donovan's actions when first read the warnings during the explanation of the events leading to the initial statement. Donovan challenged two of Smith's answers and moved for a mistrial, alleging an impermissible comment on his right to remain silent.[3] The trial court overruled the objections and the first district affirmed, finding that Donovan had never invoked his right to remain silent. Donovan v. State, 400 So.2d 1306, 1309 (Fla. 1st DCA 1981).
Any comment on an accused's exercise of his right to remain silent is reversible error, without regard for the harmless error doctrine. Bennett v. State, 316 So.2d 41 (Fla. 1975). We reaffirmed that position in Shannon v. State, 335 So.2d 5 (Fla. 1976), but later held that, unless a timely objection and a motion for mistrial are made, the error is waived and cannot be raised for appellate review. Clark v. State, 363 So.2d 331 (Fla. 1978).[4]
For Bennett to apply, the accused must have exercised his right to remain silent. The district court found that Donovan had not exercised this right and after careful review of the record we agree with that finding. Donovan alleges that he invoked his right to remain silent by denying knowledge of the murder, by not signing a waiver form when first read his rights, and by not indicating whether he understood those rights.
His first objection was to Smith's answer that "Timmy denied having any knowledge of knowing what we were talking about." Rather than an exercise of his right, this denial amounted to a waiver of that right. As stated in United States v. Jones, 486 F.2d 599, 600 (5th Cir.1973), "denials of a crime by one well aware of his right to remain silent cannot, without more, be taken as an unspoken election to exercise the right to remain silent." By making an exculpatory statement Donovan sought to extricate himself from the suspicions of the officers. Whether one gives an exculpatory or inculpatory statement, the result is the same; the accused indicates no unwillingness to discuss the crime.
Donovan also argues that his failure to sign the waiver of rights form when first read was an exercise of his right. While in some cases refusing to sign a waiver form indicates such an exercise,[5] each case must be analyzed on its particular facts.[6] In North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979), the United States Supreme Court reversed a North Carolina decision that required a specific written or oral waiver of rights. The Court stated:
An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the *676 defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case. As was unequivocally said in Miranda, mere silence is not enough. That does not mean that the defendant's silence, coupled with an understanding of his rights and a course of conduct indicating waiver, may never support a conclusion that a defendant has waived his rights. The courts must presume that a defendant did not waive his rights; the prosecution's burden is great; but in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated.
Id. 441 U.S. at 373, 99 S.Ct. at 1757 (footnote omitted).
Donovan first hesitated to sign the waiver form, but several minutes later signed the form and gave an incriminating statement. The totality of the circumstances indicates that he did not exercise his right to remain silent.
The second objection came after Deputy Smith was asked if Donovan had indicated that he understood the Miranda warnings. Standing alone, Smith's answer, "No, Sir, Tim didn't say anything," could be interpreted as an exercise of his right, but when read in context it becomes clear that the answer is not objectionable. The state sought to introduce Donovan's statements through Deputy Smith, and, therefore, it was proper to elicit testimony from him that Miranda warnings were given. Such testimony is relevant to prove that the subsequent statement was made voluntarily. Hall v. State, 403 So.2d 1321 (Fla. 1981). Generally, the voluntariness of a confession is determined from the totality of the circumstances. Williams v. State, 156 Fla. 300, 22 So.2d 821 (1945). Such a determination is a mixed question of fact and law to be determined initially by the trial court in ruling on admissibility of the statement and ultimately by the jury. State v. Oyarzo, 274 So.2d 519 (Fla. 1973).
In the instant case, the trial court ruled that the incriminating statements were admissible and the statements and circumstances surrounding them were introduced for the jury's consideration. Deputy Smith's answers were clearly relevant to the final determination of the voluntariness of the statement.[7]United States v. Martinez, 577 F.2d 960 (5th Cir.), cert. denied, 439 U.S. 914, 99 S.Ct. 288, 58 L.Ed.2d 262 (1978); Williams v. State, 353 So.2d 588 (Fla. 3d DCA 1977), cert. dismissed, 372 So.2d 64 (Fla. 1979).
Since Donovan did not exercise his right to remain silent, Bennett does not apply and the testimony of Deputy Smith was properly admitted for the purpose of determining the voluntariness of the statement. We accepted jurisdiction based on conflict with Roban v. State, 384 So.2d 683 (Fla. 4th DCA), review denied, 392 So.2d 1378, 1379 (Fla. 1980). After reviewing Roban, however, it is clear that conflict does not exist. The defendant in Roban exercised his right to remain silent and Bennett was applicable. Therefore, the petition for review is denied.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and EHRLICH, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] A court order required the police to take juvenile suspects to the Division of Youth Services rather than the county sheriff's office. Donovan was originally brought in as a witness so his appearance at the sheriff's office was permitted. DYS was located across the street from the sheriff's office.
[3] Smith's testimony is set out in 400 So.2d at 1307-08.
[4] See Brown v. State, 367 So.2d 616 (Fla. 1979).
[5] See Bennett v. State, 316 So.2d 41 (Fla. 1975).
[6] See United States v. Klein, 592 F.2d 909 (5th Cir.1979); Eleuterio v. Wainwright, 587 F.2d 194 (5th Cir.), cert. denied, 443 U.S. 915, 99 S.Ct. 3106, 61 L.Ed.2d 879 (1979); United States v. Stewart, 585 F.2d 799 (5th Cir.1978), cert. denied, 441 U.S. 933, 99 S.Ct. 2054, 60 L.Ed.2d 661 (1979).
[7] The district court found and we agree that Donovan had not invoked his right to remain silent. If he had exercised that right, it would be impermissible to comment on such when introducing the statement. See Roban v. State.