JOANOS, Judge.
In this appeal from a judgment and sentence for dealing in stolen property, appellant challenges two rulings of the trial court. We affirm on one point and reverse on one point and remand for a new trial.
In one contention, appellant argues that the trial court erred in denying his motion for judgment of acquittal because there existed a reasonable hypothesis of innocence in that appellant lacked guilty knowledge that the jewelry, the stolen property with which he was charged with dealing, was stolen. We reject the argument and affirm on this point. The crime of which appellant was convicted was trafficking or endeavoring to traffic in property he knew or should have known was stolen. The evidence, even though circumstantial, was sufficient to prove appellant knew or should have known of the stolen character of the property.
In his other point, appellant contends the trial court erred in denying his motion for mistrial made in response to the prosecutor’s alleged improper comment on appellant’s silence.
The appellant took the stand at trial and explained the circumstances under which he obtained the stolen property from Hershel Jones. On cross-examination, the state attorney at one point asked:
All of these statements, all of your story about Hershel, did you ever tell anybody else your story about where Hershel got the jewelry and gave them to you?
Appellant answered, “No”, and the defense counsel immediately objected and moved for a mistrial. The objection was sustained and a lengthy discussion ensued between the trial judge, the state attorney, and defense counsel as to how to dispose of the motion for mistrial. The judge stated he would look into the matter over night and rule the following morning. Apparently the motion was denied as there is nothing further in the record.
“Any comment on an accused’s exercise of his right to remain silent is reversible error, without regard for the harmless error doctrine.” Donovan v. State, 417 So.2d 674 (Fla.1982); Bennett v. State, 316 So.2d 41 (Fla.1975). In our view, the prosecutor’s question constituted an improper suggestion or comment designed to discredit appellant’s story, and was inconsistent with appellant’s constitutional right to remain silent, in a manner similar to the comments found to be improper in King v. State, 407 So.2d 251 (Fla. 4th DCA 1981) (comment would have been reversible error if preserved for review) and Weiss v. State, 341 So.2d 528 (Fla. 3d DCA 1977) (similar question characterized as referring to “appellant’s failure to go forward with an exculpatory version of events while under investigation .... ”).
Appellee argues, on the authority of the Donovan case, that there could be no violation of appellant’s right to remain silent because he waived that right when he agreed to talk with police officers after he was initially arrested and given Miranda warnings. Appellant’s agreement at that time to talk with the officers was not a waiver for all time of the right to remain silent. Appellant’s counsel represents in her brief that after counsel was appointed for appellant, following the initial police interrogation, counsel instructed appellant not to answer further questions or discuss the facts of the case with anyone except his attorney. It is clear that an accused may invoke the right at any time even after he has agreed to answer questions. Thompson v. State, 386 So.2d 264 (Fla. 4th DCA 1980). The broad scope of the prosecutor’s question in the present case — “did you ever tell anybody else your story ...” (e.s.) — distinguishes this case from Donovan, in which the testimony objected to focused on a specific incident during which the accused was deemed to have waived the right to remain silent.
REVERSED and REMANDED for a new trial.
SHIVERS, J., concurs.
WENTWORTH, J., dissents with opinion.