443 So.2d 955 (1984)
STATE of Florida, Petitioner,
v.
Moses K. MURRAY, Respondent.
No. 63364.
Supreme Court of Florida.
January 12, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for petitioner.
Gary S. Israel, West Palm Beach, for respondent.
*956 SHAW, Judge.
Petitioner seeks review of Murray v. State, 425 So.2d 157 (Fla. 4th DCA 1983), because of direct and express conflict with Cobb v. State, 376 So.2d 230 (Fla. 1979); Tacoronte v. State, 419 So.2d 789 (Fla. 3d DCA 1982); Zamot v. State, 375 So.2d 881 (Fla. 3d DCA 1979); and Oliva v. State, 346 So.2d 1066 (Fla. 3d DCA), cert. dismissed, 348 So.2d 951 (Fla. 1977), cert. denied, 434 U.S. 1010, 98 S.Ct. 719, 54 L.Ed.2d 752 (1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Respondent was convicted of possession of a firearm by a felon. The district court of appeal reversed. The issue presented to the district court was whether the prosecutor's closing argument constituted reversible error. In attacking defendant's credibility, the prosecutor argued:
I suggest to you, ladies and gentlemen, that here is a man who thinks he knows the law; thinks he can twist and bend the law to his own advantage and lie to you in court so that he is acquitted and not sent to prison as a result or otherwise adjudicated in any fashion.
Murray, 425 So.2d at 158. Defense counsel objected immediately and moved for mistrial. The motion for mistrial was denied, but the prosecutor was instructed that he could not argue the mental state of the defendant in giving his testimony.
In reversing the conviction, the district court stated:
This last comment, neither provoked nor justified, was a plain violation of the Code of Professional Responsibility. The criminal justice system cannot function without zealous prosecution, nor with unprofessional advocacy  whether the latter be in the form of indifference on the one hand or intemperate conduct on the other. One cannot successfully prosecute without fire in the belly nor with its misuse. (Footnote omitted, emphasis in original.)
Murray, 425 So.2d at 158-59.
When there is overzealousness or misconduct on the part of either the prosecutor or defense lawyer, it is proper for either trial or appellate courts to exercise their supervisory powers by registering their disapproval, or, in appropriate cases, referring the matter to The Florida Bar for disciplinary investigation. Arango v. State, 437 So.2d 1099 (Fla. 1983); Spenkelink v. Wainwright, 372 So.2d 927 (Fla. 1979) (Alderman, J., concurring specially); Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982). Nevertheless, prosecutorial error alone does not warrant automatic reversal of a conviction unless the errors involved are so basic to a fair trial that they can never be treated as harmless. The correct standard of appellate review is whether "the error committed was so prejudicial as to vitiate the entire trial." Cobb, 376 So.2d at 232. The appropriate test for whether the error is prejudicial is the "harmless error" rule set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and its progeny. We agree with the recent analysis of the Court in United States v. Hasting, ___ U.S. ___, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). The supervisory power of the appellate court to reverse a conviction is inappropriate as a remedy when the error is harmless; prosecutorial misconduct or indifference to judicial admonitions is the proper subject of bar disciplinary action. Reversal of the conviction is a separate matter; it is the duty of appellate courts to consider the record as a whole and to ignore harmless error, including most constitutional violations. The opinion here contains no indication that the district court applied the harmless error rule. The analysis is focused entirely on the prosecutor's conduct; there is no recitation of the factual evidence on which the state relied, or any conclusion as to whether this evidence was or was not dispositive.
We have reviewed the record and find the error harmless. The evidence against the defendant was overwhelming Evidence was introduced showing that defendant had been previously convicted of felony robbery. Two witnesses testified that just preceding the arrest they saw defendant with a firearm. One of these *957 witnesses testified that defendant had hidden the firearm under a vehicle passenger seat on which defendant sat. A police officer testified that he stopped the vehicle in which defendant was a passenger, and found the firearm under defendant's seat. Another officer testified that defendant had made a statement to him admitting that he had the firearm in his possession. In the face of this evidence, defendant took the stand and denied that he had ever possessed the firearm or known of its existence. Under these circumstances, the credibility of defendant as a witness was subject to attack in closing argument. While the prosecutor's comments were excessively pungent, the court admonished him upon objection, and the remarks do not rise to the level of harmful error.
The decision of the district court of appeal is quashed and the case remanded for reinstatement of the trial court judgment.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.