450 So.2d 1226 (1984)
Alonza ROWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 83-452.
District Court of Appeal of Florida, Fifth District.
May 24, 1984.
James B. Gibson, Public Defender, James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Alonza Rowell, was convicted on two counts of burglary of a conveyance, one count of possession of burglary tools and one count of petit theft. The charges stemmed from the burglary of two cars in a shopping mall on the same day.
During the course of the jury trial, the prosecutor queried the arresting officer as to whether he ever attempted to take a statement from the defendant after arrest, and the answer was: "Ah, I never asked him that. I never ... I asked him, but he refused to give me any information as far as... ."
At that point, counsel for the defense intervened with a timely objection and motion for mistrial. See State v. Cumbie, 380 So.2d 1031 (Fla. 1980); Castor v. State, 365 So.2d 701 (Fla. 1978); Clark v. State, 363 So.2d 331 (Fla. 1978). We find that this exchange is "fairly susceptible" to interpretation by the jury as a reference to the defendant's exercise of his right to remain silent. See Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984).
The appellant relies upon Bennett v. State, 316 So.2d 41 (Fla. 1975), and Ford v. State, 431 So.2d 349 (Fla. 5th DCA 1983), for the proposition that any comment on the exercise by the accused of his right to remain silent at time of arrest is reversible error without regard to the harmless error doctrine. In regard to this point, we also *1227 note Donovan v. State, 417 So.2d 674 (Fla. 1982), and Diguilio v. State, 451 So.2d 487 (Fla. 5th DCA 1984).
The state argues that even if there was a violation of the law regarding comment, it was harmless error because of the overwhelming proof of guilt. The state contends that the harmless error doctrine, rather than the per se reversal rule, should apply based on the recent United States Supreme Court case of U.S. v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). The state urges that the Florida Supreme Court has adopted the rationale of Hasting by its recent opinion in State v. Murray, 443 So.2d 955 (Fla. 1984) and, therefore, by implication, has receded from the automatic reversal rule espoused in Bennett and Donovan.
In Hasting, the United States Supreme Court affirmatively rejected a per se reversal rule, citing to its prior decision in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), wherein it had declared that even constitutional errors could be deemed harmless in the setting of a particular case. The Court of Appeals had summarily reversed trial convictions in Hasting, declining to rely on the harmless error doctrine on the basis that to do so "would impermissibly compromise the clear constitutional violation of the defendants' Fifth Amendment rights." The Supreme Court, in reversing the Court of Appeals, held that the harmless error rule of Chapman may not be avoided by an assertion of supervisory power simply to justify reversal of criminal convictions. The court stated, "[t]he interests preserved by the doctrine of harmless error cannot be so lightly and casually ignored in order to chastise what the court viewed as prosecutorial overreaching." 103 S.Ct. at 1979.
The Supreme Court then proceeded to review the record in the Hasting case and concluded that it was clear beyond a reasonable doubt that the jury would have returned a verdict of guilty even in the absence of the improper comment by the prosecutor. We reach the same factual conclusion in the instant case.
Subsequent to the Hasting decision, the Florida Supreme Court in Murray reviewed the harmless error doctrine in the context of prosecutorial overzealousness in closing argument where an intemperate attack was made on the credibility of a defendant who had testified during trial. In Justice Shaw's majority opinion it is stated:
When there is overzealousness or misconduct on the part of either the prosecutor or defense lawyer, it is proper for either trial or appellate courts to exercise their supervisory powers by registering their disapproval, or, in appropriate cases, referring the matter to The Florida Bar for disciplinary investigation. Arango v. State, 437 So.2d 1099 (Fla. 1983); Spenkelink v. Wainwright, 372 So.2d 927 (Fla. 1979) (Alderman, J., concurring specially); Jackson v. State, 421 So.2d 15 (Fla. 3d DCA 1982). Nevertheless, prosecutorial error alone does not warrant automatic reversal of a conviction unless the errors involved are so basic to a fair trial that they can never be treated as harmless. The correct standard of appellate review is whether "the error committed was so prejudicial as to vitiate the entire trial." Cobb [v. State], 376 So.2d 230 at 232. The appropriate test for whether the error is prejudicial is the "harmless error" rule set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and its progeny. We agree with the recent analysis of the Court in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). The supervisory power of the appellate court to reverse a conviction is inappropriate as a remedy when the error is harmless; prosecutorial misconduct or indifference to judicial admonitions is the proper subject of bar disciplinary action. Reversal of the conviction is a separate matter; it is the duty of appellate courts to consider the record as a whole and to ignore *1228 harmless error, including most constitutional violations.
443 So.2d at 956.
Murray did not concern a prosecutorial comment on a defendant's exercise of his right to remain silent. Therefore, its expressed approval of the analysis by the Supreme Court in Hasting is not necessarily a retreat from the per se rule of Bennett and Donovan. Despite our agreement with the logic of Hasting and our reservations in regard to the justice of a per se rule, we are bound at this point in time to adhere to Bennett and Donovan. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). This conclusion is buttressed by the fact that in the recent case of State v. Strasser, 445 So.2d 322 (Fla. 1984), released a month after the opinion issued in Murray, the Florida Supreme Court relied on its prior decision in State v. Burwick, 442 So.2d 944 (Fla. 1983), which was issued a month before Murray. In Burwick, it was held to be reversible error to admit evidence at trial that a defendant had intelligently exercised his constitutional right to silence after Miranda warnings in the state's effort to rebut his insanity defense. The Florida Supreme Court recognized the per se rule in Burwick, stating: "There is no dispute that it is reversible error for the prosecution to attempt to impeach a defendant's alibi testimony by asking on cross-examination why he remained silent at the time of his arrest." 442 So.2d at 947. Two United States Supreme Court cases are cited in Burwick: Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), and United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975). Doyle is irrelevant in regard to the applicability of the harmless error rule; it expressly notes that issue was not raised. Hale did not approve a per se rule but confined its holding to the circumstances of that particular case and an express finding of prejudice. Neither Burwick nor Strasser refers to Hasting.
The state forcefully argues in its brief that the federal courts have not elevated the Fifth Amendment to the lofty heights afforded to it by the Florida Supreme Court in Bennett and Donovan. The state poses the question:
Why should a mere, unintentional slip of the tongue by a State's witness ... doom an otherwise proper and lawful conviction to certain reversal despite ironclad testimony and physical and circumstantial evidence which provide unequivocal and uncontroverted proof of the accused's guilt?
Indeed, this is a difficult question to answer from the standpoint of reason and logic. Perhaps it can only be answered by the acrid and familiar comment on the law by Mr. Bumble in Oliver Twist. Or perhaps more fairly by the observation that bad precedents often derive from noble motives. In any event, the state's question would be more appropriately directed to the Florida Supreme Court than to us.
Accordingly, we reverse for a new trial but certify the following question to the Florida Supreme Court, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), as one of great public importance:
Has the Florida Supreme Court, by its agreement in State v. Murray, 443 So.2d 955 (Fla. 1984), with the analysis of the supervisory powers of appellate courts as related to the harmless error rule as set forth in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), receded by implication from the per se rule of reversal explicated in Donovan v. State, 417 So.2d 674 (Fla. 1982)?
REVERSED and REMANDED.
ORFINGER, C.J., and FRANK D. UPCHURCH, J., concur.