453 So.2d 456 (1984)
Merrill JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1843.
District Court of Appeal of Florida, Fourth District.
July 13, 1984.
Rehearing Denied August 15, 1984.
*457 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Merrill Jackson was convicted of second degree murder based on the fatal stabbing of Jake Robinson and sentenced to life imprisonment. He appeals. We reverse and remand for a new trial.
There was one alleged eye-witness, Jesse Bac. Despite diligent efforts, Bac could not be located at trial time and so was not available as a witness. Initially, Bac implicated Jackson. When his discovery deposition was taken, Bac apparently changed his story so as to exonerate Jackson.
Jackson's offer of Bac's deposition into evidence was rejected. We affirm this decision upon authority of Terrell v. State, 407 So.2d 1039 (Fla. 1st DCA 1981).
Moreover, Bac's deposition was taken for discovery purposes by Jackson under Rule 3.220(d), Florida Rules of Criminal Procedure, and not under the auspices of Rule 3.190(j), Florida Rules of Criminal Procedure, which latter rule is for the purpose of perpetuating testimony.
We disagree with Jackson's argument that Bac's deposition was admissible under Section 90.804(2)(a), Florida Statutes (1982):
(2) Hearsay exceptions.  The following are not excluded under s. 90.802, provided that the declarant is unavailable as a witness: (a) Former testimony.  Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or re-direct examination. [Emphasis added.]
Here the State did not attend the taking of Bac's discovery deposition although noticed. Inasmuch as Bac had previously implicated Jackson and thus had been listed as a State's witness, we feel that the State did not have a similar motive to develop Bac's testimony by direct, cross, or re-direct examination. It had no reason to expect that Bac would not be present for trial at which time, in the event Bac should recant and become hostile, the State could cross-examine and impeach Bac. Again, Bac's deposition was not taken so as to perpetuate his testimony. Had it been so taken, the result would be different.
We now come to the matter that causes this Court to reverse and remand for a new trial, that being the prosecutor's comment during voir dire on Jackson's right to remain silent during trial.
*458 During voir dire, the prosecutor stated to the jury panel:
MR. WALSH: NOW, ON PERRY MASON EITHER THE PERSON CONFESSED OR SOMEONE IS GOING TO STAND UP IN THE BACK OF THE ROOM IN TWO OR THREE DAYS, AND SAY, "I DID IT."
OKAY, NOW OBVIOUSLY MOST CASES AREN'T LIKE THAT. AND THERE IS NOT A CONFESSION IN THIS CASE. WOULD ANYONE BELIEVE THAT THIS INDIVIDUAL COULD NOT HAVE COMMITTED THE CRIME, SIMPLY BECAUSE HE DID NOT CONFESS TO THAT CRIME?
The defense promptly objected. Objection sustained. However, the defense's failure to contemporaneously move for mistrial thus failed to preserve the issue for appeal. Later, during voir dire, the prosecutor exchanged the following with a potential juror:
MR. WALSH: OKAY, YOU UNDERSTAND THAT IN PERRY MASON SOMEBODY IS GOING TO STAND UP AT SOME TIME AND SAY THAT THEY DID IT, OR THERE'S A CONFESSION OR SOMETHING LIKE THAT.
MR. BRIGANDI: YEAH.
MR. WALSH: JUST BECAUSE THAT DOESN'T HAPPEN HERE DOESN'T MEAN THAT THAT MAN'S NOT GUILTY, DOES IT?
MR. BRIGANDI: NO.
This time the defense's objection was accompanied with a motion for mistrial.
We hold that the final objection and motion for mistrial sufficiently preserved this matter for appeal. Simpson v. State, 418 So.2d 984 (Fla. 1982). We further hold that the remarks constituted prejudicial error and that a mistrial should have been granted upon authority of Simpson, supra; Ramos v. State, 413 So.2d 1302 (Fla. 3d DCA 1982); Cunningham v. State, 404 So.2d 759 (Fla. 3d DCA 1981).
In Donovan v. State, 417 So.2d 674 (Fla. 1982), Shannon v. State, 335 So.2d 5 (Fla. 1976), and Bennett v. State, 316 So.2d 41 (Fla. 1975), it was held that a reversal per se was required when the State commented on the right of the accused to remain silent before the jury, regardless of the harmless error rule. These cases have not been expressly overruled or withdrawn.
In State v. Murray, 443 So.2d 955 (Fla. 1984), the Supreme Court of Florida applied the harmless error rule as concerns prosecutorial misconduct in closing argument which attacked the mental state of the defendant in giving his testimony. That is not what happened here wherein the prosecutor commented on the defendant's exercise of his right to remain silent. However, Murray discussed the standard of appellate review in applying the harmless error rule.
Then in Rowell v. State, 450 So.2d 1226 (Fla. 5th DCA 1984), and DiGuilio v. State, 451 So.2d 487 (Fla. 5th DCA 1984) the Fifth District Court of Appeal wondered if the holding in Murray, supra, signaled an abandonment of the per se reversal rule in cases where there was a comment on a defendant's right to remain silent. Questions as to existence of the per se reversal rule and harmless error rule were certified in these cases to the Florida Supreme Court.
Critically, we have reviewed the evidence in this case using the pertinent criteria and find that we cannot say beyond any reasonable doubt that the jury would have returned a verdict of guilty absent the prosecutor's comment. Had the evidence been otherwise, the error would have been harmless. United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); Rowell, supra. Thus, we are not concerned with the existence or not of the per se reversal rule regardless of harmless error.
To illustrate, the evidence was in disarray and in such a state of conflict as to the killer's identity, that guilt beyond a reasonable doubt does not point to the defendant. A discrepancy exists as to whether or not there was, indeed, an eye-witness *459 to the precise moment of execution. There was some testimony that the defendant and his friend Parker had an argument in the vicinity of Walt's grocery store. Allegedly both men had been drinking. Unfortunately, so had the witnesses. Some claimed Parker had a gun and Jackson had the knife. Parker denied any participation in an argument as well as any suggestion that he was armed. We do know that the defendant left Walt's grocery store with Parker trailing behind a few moments later. Parker testified that when he caught up with the defendant in the back of Boatwright's, the defendant and Robinson were in a fight. In trying to stop the altercation, Parker claims he was knocked down; Robinson ran towards the front of the store. By the time Parker got up and moved around to the front of the store, the ambulance was there. Robinson had been stabbed and lay in front of the store. Other witnesses saw Robinson appear from behind Boatwright's and fall in front of the telephone booth. Another account claimed that the defendant came running back to Walt's grocery store, followed shortly thereafter by Parker who positioned himself in a chair on the porch. One man, named Bubba, testified that when the defendant returned to Boatwright's, he allegedly put a knife and his shirt in Parker's pocketbook that had been left on the porch. However, Bubba's testimony conflicted with his deposition. The defendant was carrying the pocketbook when the police apprehended him. However, no fingerprints were found on the knife. No blood was found on the defendant or his clothing, although one witness proclaimed that the defendant had wiped the knife off with his shirt before stuffing it into the pocketbook. However, fresh blood was found on Parker's sleeve.
In conclusion, we hold that the prosecutor's comments constituted harmful error that necessitates a new trial.
Reversed and remanded for a new trial.
DELL, J., concurs.
BERANEK, J., concurs specially with opinion.
BERANEK, Judge, concurring specially.
I agree with the result reached by the majority as to the necessity for a new trial. I would also hold that the deposition of Bac is admissible on retrial.