ORFINGER, Judge.
Gallon argues that he was denied a fair trial because of improper comments made by the prosecutor during closing argument. We disagree and affirm.
Gallon was convicted of delivering hashish.[1] The charge against Gallon grew out of an undercover operation by the Orange County Sheriff’s Department and Gallon’s former employer, Hubbard Construction Company, to combat a drug problem inside the company.
Agents Burns and Stevens posed as laborers to make contact with other workers. Agent Burns testified that while posing as a construction worker, he made contact with defendant, an employee on the construction site, who offered to sell Burns a pound of marijuana. Defendant called a phone number at which Burns said he could be reached, and talked with Agent Stevens, who answered when Burns was not there. Stevens and defendant had seven or eight subsequent telephone conversations, the last of which Stevens recorded. Stevens recounted the conversations and the tape of this last conversation was introduced into evidence and played for the jury. In this tape-recorded conversation, defendant and Stevens discussed the arrangements by which the drug buy was to be set up. Agent Stevens corroborated Burns’ testimony and gave details of the drug buy he made from defendant.
Gallon testified that he was set up by the Orange County agents. He claimed he never intended to sell them any drugs and merely called Stevens to satisfy his curiosity. Gallon-further testified that he never provided Stevens with a sample of hashish.
During closing argument the prosecutor made the following statements:
Mr. Leitch [defense counsel] is going to get up there and tell you all that the evidence in the case supports Mr. Gallon’s story. What do you expect him to tell you, he’s Mr. Gallon’s attorney, not going to come in and say, ‘the state proved their case on this one send my client to jail.’
If Mr. Leitch expects you to believe the defense in this case, he expects you to believe in the Easter Bunny.
At this point defense counsel objected and moved for a mistrial, which was denied by the trial court. The trial court agreed that the statement was improper and admonished the prosecutor. Defendant did not request a curative instruction and none was given. This comment is the basis for defendant’s contention that a new trial is warranted.
Clearly the case involved more than a “swearing match” between Agent Stevens and the defendant. The jury had the testimony of Agent Burns and defendant’s own tape recorded conversation. Even if we agree that the prosecutor let *475 himself get carried away when he made the complained of remark, it is clear that he was trying to convey the idea that the defense was incredible in the light of the substantial evidence presented by the State. A prosecutor generally is allowed a considerable degree of latitude in closing argument. Breedlove v. State, 413 So.2d 1 (Fla.1982); Tacoronte v. State, 419 So.2d 789 (Fla. 3d DCA 1982); Gosney v. State, 382 So.2d 838 (Fla. 5th DCA 1980). The control of comments is within the trial court’s discretion, and an appellate court will not interfere unless an abuse of such discretion is shown. Breedlove at 8.
More recently, in State v. Murray, 443 So.2d 955 (Fla.1984) the defendant claimed reversible error in a statement made by the prosecutor who in closing argument attacked defendant’s credibility with this argument:
I suggest to you, ladies and gentlemen, that here is a man who thinks he knows the law; thinks he can twist and bend the law to his own advantage and lie to you in court so that he is acquitted and not sent to prison as a result or otherwise adjudicated in any fashion.
Id. at 956.
That argument appears to be far more inflammatory than the argument made here, yet the supreme court found it to be harmless in the light of the totality of the circumstances. The court held that:
Nevertheless, prosecutorial error alone does not warrant automatic reversal of a conviction unless the errors involved are so basic to a fair trial that they can never be treated as harmless. The correct standard of appellate review is whether “the error committed was so prejudicial as to vitiate the entire trial.” Cobb [v. State] 376 So.2d [230] at 232 [(Fla.1979)]. The appropriate test for whether the error is prejudicial is the “harmless error” rule set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and its progeny. We agree with the recent analysis of the Court in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). The supervisory power of the appellate court to reverse a conviction is inappropriate as a remedy when the error is harmless; prosecutorial misconduct or indifference to judicial admonitions is the proper subject of bar disciplinary action. Reversal of the conviction is a separate matter; it is the duty of appellate courts to consider the record as a whole and to ignore harmless error, including most constitutional violations.
In denying defendant’s motion for mistrial based on the alleged impropriety of the prosecutor’s comment, the trial judge commented that defendant was receiving a fair trial. We find nothing in the record to persuade us to the contrary.
The judgment is AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.

. § 893.13(l)(a), Fla.Stat. (1983).