BARKETT, Judge.
This appeal results from prosecu-torial misconduct during closing argument which appellant suggests warrants reversal of his conviction for second degree murder and aggravated battery. Both parties agree that this issue must be reviewed under the fundamental error standard in view of defense counsel’s failure to object at trial. See Clark v. State, 363 So.2d 331, 333 (Fla.1978). The State does not contest the impropriety of the challenged remarks by the assistant state attorney. We agree that the comments in question are clearly improper and deplore such conduct which, in a different case, could result in a reversal of a conviction necessitating the expenditures of additional public monies for a delayed second trial. Our supreme court, however, in State v. Murray, 443 So.2d 955, 956 (Fla.1984), has told us:
[Pjrosecutorial misconduct or indifference to judicial admonitions is the proper subject of bar disciplinary action. Reversal of the conviction is a separate matter; it is the duty of appellate courts to consider the record as a whole and to ignore harmless error, including most constitutional violations.
We have reviewed the record and conclude that the improper conduct must be deemed harmless because of the totality of the evidence in this case.
The second issue raised by appellant is without merit.
Accordingly, we affirm the appellant’s conviction and sentence.
AFFIRMED.
DOWNEY and HERSEY, JJ„ concur.