469 So.2d 151 (1985)
Ernest GRISSOM, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-434.
District Court of Appeal of Florida, Third District.
March 26, 1985.
*152 Bennett H. Brummer, Public Defender, and Rory S. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
NESBITT, Judge.
The defendant appeals his conviction for battery. We reverse.
During cross-examination at trial, defense counsel asked the victim whether she had discussed her testimony with the state attorney. After the question was asked a second time the state objected. The trial court sustained the objection and stated in front of the jury:
Yes, it was asked and answered before. No need to emphasize it a second time.
It's perfectly proper for the witness to discuss her testimony with the State Attorney as well as it is for your client to discuss his testimony with you ... . [emphasis added]
Immediately, at sidebar, defense counsel moved for a mistrial. The trial court refused to grant a mistrial but offered to give a curative instruction. Defense counsel objected to the giving of a curative instruction. Despite the defense objection, the court instructed the jury as follows:
Ladies and gentlemen, as I just told you, it is entirely proper for a prosecutor to discuss with the witness the testimony that they are going to give at time of trial. There is nothing wrong with this.
I also told you that it's proper for ... the defense attorney to discuss with his client, the defendant, in any case, whatever testimony if there is going to be any testimony or any of the facts of the case so that they can defend the defendant properly, but at no time  I told you this also  is the defendant required, to take the witness stand. The defendant need not prove anything and if the defendant does not take the witness stand, you are not [to] hold that against the defendant.
The defendant did not testify at the trial. At the conclusion of the trial, the jury found the defendant guilty of battery.
The well-established law in Florida is that a comment on a defendant's failure to testify is a serious constitutional violation. Any comment which is fairly susceptible of being interpreted by the jury as referring to a criminal defendant's failure to testify constitutes reversible error, and the harmless error doctrine does not apply. Harris v. State, 438 So.2d 787 (Fla. 1983); David v. State, 369 So.2d 943 (Fla. 1979); Trafficante v. State, 92 So.2d 811 (Fla. 1957); Roberts v. State, 443 So.2d 192 (Fla. 3d DCA 1983), review denied, 450 So.2d 489 (Fla. 1984); Samosky v. State, 448 So.2d 509 (Fla. 3d DCA 1983), review denied, 449 So.2d 265 (Fla. 1984). We find that the trial court's comment in the present case was fairly susceptible of being interpreted by the jury as referring to the defendant's exercise of his right to remain silent. Accordingly, reversal is mandated.
The state argues, however, that there is overwhelming evidence of guilt and, therefore, this court should affirm on the basis of the harmless error rule. The state contends that the Florida supreme court, in State v. Murray, 443 So.2d 955 (Fla. 1984), receded from its prior decisions in this area concerning the inapplicability of the harmless error rule by expressing agreement with the analysis of the Supreme Court in *153 United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983).[1]
Although we agree that application of the harmless error rule in this case would require affirmance of the conviction, we do not view Murray as indicating the supreme court has receded from the per se rule of reversal in this area. Murray did not concern a comment on a defendant's failure to testify. In fact, the defendant in Murray did testify. Therefore, the supreme court's expressed approval of the analysis in Hasting is not necessarily a retreat from the per se rule in Harris, David and Trafficante. Accordingly, we are bound at this point in time to adhere to the per se reversal rule expressed in those cases. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). See Rowell v. State, 450 So.2d 1226 (Fla. 5th DCA 1984) (where the state's same argument based upon Hasting and Murray was rejected by the court on the same grounds as stated in the present opinion and where the court pointed out that the supreme court, subsequent to deciding Murray, reversed a case on the basis of the per se rule, see State v. Strasser, 445 So.2d 322 (Fla. 1984) (on petition for rehearing)).
Accordingly, we reverse for a new trial[2] but certify the following question to the Supreme Court of Florida as one of great public importance:
Has the Supreme Court of Florida, by its agreement in State v. Murray, 443 So.2d 955 (Fla. 1984), with the analysis of the supervisory powers of appellate courts as related to the harmless error rule as set forth in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), receded from the per se rule of reversal explicated in Harris v. State, 438 So.2d 787 (Fla. 1983), David v. State, 369 So.2d 943 (Fla. 1979), and Trafficante v. State, 92 So.2d 811 (Fla. 1957)?
NOTES
[1] In Hasting, the Supreme Court affirmatively rejected a per se reversal rule, relying on its prior decision in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), where it had declared that even constitutional errors could be deemed harmless in some cases. For an excellent discussion on Hasting and Murray as they relate to the context of the present case, see Rowell v. State, 450 So.2d 1226 (Fla. 5th DCA 1984).
[2] Since we are reversing for a new trial, we do not discuss the conceded error in the sentencing of the defendant.