466 So.2d 1207 (1985)
George BURNS, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-947.
District Court of Appeal of Florida, Third District.
April 9, 1985.
*1208 Bennett H. Brummer, Public Defender, and May L. Cain, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and FERGUSON and JORGENSON, JJ.
PER CURIAM.
The defendant appeals his convictions for sexual battery with a deadly weapon, kidnapping, and robbery. The issues on appeal are whether a witness' statement at trial constituted a comment on defendant's right to remain silent and, if so, whether the harmless error rule should apply.
Prior to trial the defendant filed a motion in limine asking the trial court to prohibit the introduction of certain statements made by him to Detective Bigler while under arrest. The trial court treated the motion as a motion to suppress. At the suppression hearing, Detective Bigler testified that he advised the defendant as to the nature of the charges and that the events took place during the summer of 1981. Bigler further testified that he told the defendant that he was going to advise him of his constitutional rights before asking him any questions. As the detective started to read the first right on the rights form, i.e., that defendant had the right to remain silent, defendant stated spontaneously: "I ain't making no statements. It couldn't be none of me, I went into the Job Corps in Georgia in November of 1981." On cross-examination Detective Bigler testified that at that point defendant was presented with and did sign the refusal to waive constitutional rights form. The interview then ceased. Defendant's motion to suppress was denied.
Before Detective Bigler returned to the witness stand for the second day of his trial testimony, the trial judge instructed the State as to how it should place the defendant's statement in evidence without violating the law which precludes a comment on an accused's exercise of the right to remain silent:
THE COURT: I'll introduce that. However, I want it done in the following manner: Merely say, "And after he was arrested and you were at the police headquarters, did he make a statement, spontaneously to you?
Answer: Yes.
Question: What was it?
Answer:  "
Because I don't want him to be going through the Miranda rights, because that could constitute a comment on the Defendant's invoking of the Miranda rights.
Understand?
MS. DANNELLY [assistant state attorney]: Yes.
THE COURT: And I'll avoid that error.
Tell the officer, before he takes the stand, not to refer to the Miranda or the fact that he invoked the rights or anything, otherwise that's a comment on the right to remain silent; and I'm not trying the case twice.
The State continued in its direct examination of Detective Bigler as follows:
Q. (By Ms. Dannelly) When you advised the Defendant of the charges that were being placed against him and the date of this incident, did he respond in any way?
A. Yes, he 
MR. NUNES [attorney for defendant]: Objection.
THE COURT: Objection noted and the motion noted.
Proceed. Overruled.
THE WITNESS: Yes, he did.
Q. (By Ms. Dannelly) Advise the members of the jury exactly how it was that George Burns responded to that notice.
A. When I advised him that information, he spontaneously stated, "I'm not making any kind of statement. It couldn't be none of me. I went in the Job Corps in Georgia in November of 1981."
*1209 Appellant relies upon Clark v. State, 363 So.2d 331 (Fla. 1978); Bennett v. State, 316 So.2d 41 (Fla. 1975); Turner v. State, 414 So.2d 1161 (Fla. 3d DCA 1982); Rojas v. State, 412 So.2d 71 (Fla. 3d DCA 1982); and Peterson v. State, 405 So.2d 997 (Fla. 3d DCA 1981), for the proposition that any reference in the presence of the jury to the defendant's exercise of his right to remain silent is per se reversible error. He contends specifically that (1) it does not matter that the jury does not actually hear testimony that the Miranda warnings were given, especially where, as here, the jury could easily infer from the circumstances that a Miranda situation was presented, and (2) the trial court compounded this error by instructing the assistant state attorney to question the detective in a certain manner, which resulted in a denial of defendant's due process rights to a fair and impartial trial.
The State responds that (1) the statements did not constitute a comment on defendant's right to remain silent but were introduced for the purpose of showing the content of the statement, relying on Antone v. State, 382 So.2d 1205 (Fla.), cert. denied, 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (1980), and (2) even if introduction of the statements constituted error, any error was harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt. In support of the harmless error argument reliance is placed on United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) (a reviewing court must consider the trial record as a whole and ignore errors that are harmless including most constitutional errors), and State v. Murray, 443 So.2d 955, 956 (Fla. 1984), which "agree[d] with the recent analysis of the Court in United States v. Hasting." (citation omitted)
We agree with appellant that there was an impermissible comment on defendant's post-arrest silence even though the jury did not actually hear testimony that the Miranda warnings were given. Defendant's statement, "I ain't making no statements," in response to being told of the charges against him, was an exercise of his right to remain silent. See Bennett; Turner; Peterson. So as to remove all doubt he executed a document intelligently refusing to waive the right. See Donovan v. State, 417 So.2d 674, 675 (Fla. 1982) (citing Bennett). Cf. Antone, 382 So.2d at 1213 (agent's testimony, that "Mr. Antone [defendant] told me that he was a hundred percent Sicilian and Sicilians do not fink," was not a comment on defendant's silence but on what defendant said).
Despite the overwhelming evidence of defendant's guilt,[1] we are still bound by the per se reversal rule set forth in many cases, e.g., Donovan; Bennett; Rowell v. State, 450 So.2d 1226 (Fla. 5th DCA 1984); Turner; Peterson. As noted in Rowell and a recent case of this court, Grissom v. State, 469 So.2d 151 (Fla. 3d DCA 1985), the Florida Supreme Court in Murray did not expressly recede from the entrenched rule that any comment on the exercise by the accused of his right to remain silent is reversible error without regard to the harmless error doctrine. Instead the supreme court reviewed the harmless error doctrine only in the context of prosecutorial misconduct during closing argument where an attack had been made on the credibility of the defendant who did testify during trial. Rowell, 450 So.2d at 1227. We agree with Rowell that "[the Supreme Court of Florida's] expressed approval of the analysis by the United States Supreme Court in Hasting is not necessarily a retreat from the per se reversal rule of Bennett and Donovan." Id. at 1228.
Accordingly, we reverse for a new trial[2] but certify the following question to the *1210 Supreme Court of Florida as one of great public importance:
Has the Florida Supreme Court, by its agreement in State v. Murray, 443 So.2d 955 (Fla. 1984), with the analysis of the supervisory powers of appellate courts as related to the harmless error rule as set forth in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), receded by implication from the per se rule of reversal explicated in Donovan v. State, 417 So.2d 674 (Fla. 1982)?
NOTES
[1] The victim positively identified the defendant in a photo lineup. A co-defendant testified that the defendant was present with him at the scene of the crime on July 17 and 18, 1981, the dates the crimes were committed.
[2] We find no merit in appellant's contention that the trial court erred by denying defendant's motion for judgment of acquittal as to the kidnapping count, in light of evidence that the confinement was not merely incidental to the crime of sexual battery or robbery. See Faison v. State, 426 So.2d 963 (Fla. 1983).