LEHAN, Acting Chief Judge.
Defendant appeals his conviction for arson. He contends that there was reversible error in the failure of the trial court to grant his motions for mistrial due to various improper comments of the prosecutor during voir dire questioning of prospective jurors and also during closing argument to the jury. Notwithstanding the able argument of the public defender, we affirm.
We conclude that defendant would have been convicted of the crime even without the comments of the prosecutor. The controlling principle governing appellate review of this case, which involves error solely consisting of improper comments by the prosecutor, was recently stated by the Florida Supreme Court as follows:
[A]n appellate court must inquire on review: Absent the comment on silence, is it clear beyond a reasonable doubt that the jury would have returned a verdict of *1078 guilty? Obviously, the more direct and egregious the comment is, the less likely the state can prevail on this high standard test for harmless error.
State v. DiGuilio (Fla. Aug. 29, 1985) [10 FLW 430, 431]. See also State v. Murray, 443 So.2d 955 (Fla.1984).
It is true that there was no direct evidence in this case that defendant committed the crime. But DiGuilio should not be taken to mean that when there has been improper comment by the prosecutor there is reversible error unless there was direct evidence of defendant’s commission of the crime. In our view the circumstantial evidence in this case was clearly sufficient under the foregoing DiGuilio test to have convicted defendant. The evidence showed that defendant’s girlfriend left defendant’s van following an argument. He thought she went into a nearby lounge, the premises which were burned. Defendant stopped his van in the parking lot next to the lounge. After pulling ahead for a few feet and then backing up, the van drove slowly alongside the building. Immediately thereafter the fire broke out. No other vehicles were seen moving at the scene. The fire inspector testified as to the absence of indications of an accidental cause of the fire and gave his expert opinion that the fire was caused from a bottle filled with gasoline having been thrown to a point just short of the wall of the building. Fifteen to twenty minutes after the fire broke out defendant again drove his van slowly past the building. As he was stopped by a police officer, he reached behind the front seat of the van and dropped something. A bottle containing gasoline with a rag stuck in its top was then found by the officer behind the front seat of the van. Another such bottle was found elsewhere in the van.
Affirmed.
FRANK, J., concurs.
HALL, J., concurs in result only.