PER CURIAM.
This cause is before us on petition to review the district court’s decision in Burns v. State, 466 So.2d 1207 (Fla. 3d DCA 1985). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The Third District Court of Appeal reversed respondent’s criminal conviction on the ground that defendant’s fifth amendment right to remain silent had been violated by an impermissible comment on defendant’s post-arrest silence by the arresting officer. The court certified the following question as one of great public importance:
Has the Florida Supreme Court, by its agreement in State v. Murray, 443 So.2d 955 (Fla.1984), with the analysis of the supervisory powers of appellate courts as related to the harmless error rule as set forth in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), receded by implication from the per se rule of reversal explicated in Donovan v. State, 417 So.2d 674 (Fla.1982)?
466 So.2d at 1210.
We have answered this question in the affirmative in State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, we quash the decision below and remand with instructions that the Third District Court of Appeal review the record in its entirety and determine whether the impermissible comment was in fact harmless in accordance with the standard expressed in DiGuilio:
The [harmless error] test must be conscientiously applied and the reasoning of the court set forth for the guidance of all concerned and for the benefit of further appellate review. The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Id. at 1139.
It is so ordered.
McDonald, C.J., and BOYD, OVER-TON and SHAW, JJ., concur.
EHRLICH and BARKETT, JJ., concur specially with an opinion.
ADKINS, J., dissents.