## SLATER v STATE OF FLORIDA
### Case No. CJAP84-11 (County Court Case No. MO83-6296)
Ninth Judicial Circuit, Orange County

June 7, 1990

### APPEARANCES OF COUNSEL
Office of the State Attorney, for plaintiff.
Office of the Public Defender, for defendant.

### OPINION OF THE COURT
EMERSON R. THOMPSON, JR., Circuit Judge.

Appellant was charged and convicted by a jury of Assault under Florida Statute 784.011. The facts, as stated by Appellant, and accepted by Appellee, are set forth below.

The victim was driving in a car with two children, one of which was then Appellant's stepson. The victim is now married to Appellant's former wife. The victim observed a van driving behind him, which began to tailgate within two feet of his rear bumper. The victim turned

on to a four-lane, two-way road without a median. The van also turned and pulled into the lane directly to the right of the victim. The driver of the van was identified as the Appellant. The victim testified that the van came over into his lane causing him fear that he would be forced into oncoming traffic. The victim never actually crossed the yellow line. The vehicles made two more turns and parted without further incident.

On November 28, 1983, Appellant entered a plea of not guilty. On January 12, 1984, Appellant was convicted of Assault. This appeal followed.

On the morning of the trial, Appellant moved for a continuance on the grounds of new evidence discovered that morning. The discovery of the new evidence was the result of depositions taken on January 4, 1984, which had not been discussed with Appellant until the morning of trial. The denial of that motion is the first point of appeal.

The granting or denial of such a motion is in the discretion of the trial court and will not be disturbed absent an abuse of discretion. *Acree v State,* 15 So.2d 262 (Fla. 1943). In the instant case, Appellant's counsel had twice declared ready for trial. In addition, the proposed evidence could have been readily discovered with due diligence. Therefore, the denial of the motion was not an abuse of discretion.

The second ground for appeal is the denial of Appellant's motion for judgment of acquittal. Appellant claims that circumstantial evidence is not sufficient to establish intent, that there was no evidence of a crime having been committed, and that there was not an adequate identification of Appellant as the perpetrator. Upon review of the record, this court finds each of these elements to be satisfied. Judgment of Acquittal was properly denied.

Third, Appellant claims improper remarks by the Appellee to be violative of the "golden rule". Although the remarks may have been improper, to-wit: "You [the jury] can picture yourself . . .," they do not rise to such a level as to warrant an automatic reversal. To do so, the errors must be so basic to a fair trial that they can never be treated as harmless. *State v Murray,* 443 So.2d 955 (Fla. 1984). In addition, Appellant cites several misstatements of the law by the Appellee as warranting reversal. For the reasons stated above, this is not grounds for reversal.

Finally, Appellant claims error in allowing two child witnesses to testify. The first witness did not provide any testimony on substantive issues of the case. The second witness provided testimony which was merely corroborative of that of the victim. In the instant case, the

testimony of neither witness was an error warranting reversal. Further, both children were qualified to testify pursuant to the Florida Evidence Code, Section 90.603. In such cases, no reversal will be granted unless the error injuriously affects substantial rights of the Appellant/Defendant. *Palmes v State,* 397 So.2d 648 (Fla. 1981); *Salvatore v State,* 366 So.2d 745 (Fla. 1978); *Brown v State,* 426 So.2d 76 (Fla. 1st DCA 1983). Therefore, Appellant's assertion of error on this matter does not warrant reversal.

The trial court's judgment is hereby AFFIRMED. This case is remanded to the trial court for proceedings consistent with this opinion.

Motions for rehearing will not be entertained. The Clerk is directed to issue its mandate forthwith.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 7th day of June, 1990.