KLEIN, J.
The trial court dismissed charges of aggravated battery with a deadly weapon and resisting arrest with violence because it found that Assistant State Attorney De-shonda Thomas violated the rule of sequestration of witnesses which had been invoked, improperly influenced the witnesses so that they could identify the defendant as the one who had committed the crime, suppressed evidence favorable to the defendant, and had not been candid with the court about violating the rule of sequestration. The state does not deny that Ms. Thomas did any of these things, but argues that dismissal is too harsh and that she should have been held in contempt or turned in to the Florida Bar. We disagree.
The charges arose out of a fight in a bar in which the victim was struck with a broken pool cue by one of a group of men. All of those involved in the brawl had been arrested, but the identification of which one had used the pool cue was a significant issue. After the rule of sequestration of witnesses had been invoked, the prosecutor met during trial with a group of eyewitnesses and showed them a photograph of the defendant in which he was very bloody. The prosecutor then gave these witnesses in the group information that would assist them in identifying the person in the photograph as the assailant, something they had been unable to do previously-
The fact that a violation of the rule had occurred came out while the defendant was cross-examining the victim. The victim was one of the witnesses who had been at the meeting, but he only indicated that he had met with the prosecutor, had been shown the photo of the defendant, and had been given information to help him identify the person in the photo as the defendant. At that point, the trial court granted a mistrial and suppressed the identification testimony of this witness. Defense counsel expressed concern that the prosecutor might have met with other witnesses, but the prosecutor said nothing. It was not until the defendant deposed other witnesses, prior to the second trial, that it came out that it had been a group meeting.
After further inquiry, the trial court found that the prosecutor had acted in bad faith, had not revealed the meeting with the group of witnesses when it was discovered she had met with one of them, and had intentionally altered the identification evidence by converting witnesses who were unable to identify the defendant into ones who could. He dismissed the charges, citing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (due process is violated when the state suppresses favorable evidence); Mathews v. State, 44 So.2d 664 (Fla.1950) (counsel are prohibited from improperly attempting to influence the testimony of witnesses); Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) (dismissal warranted where prosecutor fails to preserve evidence useful to defendant or intentionally alters evidence).
The state argues that overzealousness or misconduct by a prosecutor or defense counsel should be referred by the courts to the Florida Bar for disciplinary action, citing State v. Murray, 443 So.2d 955 (Fla.1984). Although we do not disagree, the state ignores the fact the prosecutor violated the defendant’s due process rights by converting eyewitnesses to the crime, who would have created doubts as to the identity of the perpetrator, into witnesses who would identify the defendant as the perpetrator. She thus destroyed evidence fa *153 vorable to the defendant. We therefore affirm.
STONE, J., concurs.
HAZOURI, J., concurs specially with opinion.