467 So.2d 434 (1985)
Stephan Mitchell BARRY, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 84-485.
District Court of Appeal of Florida, Fifth District.
April 11, 1985.
*435 James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant/cross-appellee.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth McLaughlin, Asst. Atty. Gen., Daytona Beach, for appellee/cross-appellant.
ORFINGER, Judge.
Barry appeals from a judgment and sentence for manslaughter and a revocation of his probation. His principal point on appeal is that the prosecutor improperly commented on appellant's failure to testify at trial, and that his motion for mistrial was improperly denied. We affirm.
Although Barry did not testify at trial, he had given the police three separate statements. Orlando police investigator Keefe testified as to the statements. In the first, given verbally and not recorded, Barry denied that he was involved in the killing. He later gave a second statement which was tape recorded, and then gave a third statement which was also recorded. Both the recorded statements were played for the jury, and there were factual inconsistencies among all three statements.
During both his opening statement and closing argument, defense counsel argued, based on the taped statements, that Barry had killed the victim in self-defense, i.e., to prevent the commission of the forcible felony of sexual battery. Counsel further contended, in closing argument, that in each taped statement, appellant "told the truth to the police." In response, the State, during its closing argument, argued as follows:
On his first statement, you'll notice that the first statement, this is the first taped statement. The first statement absolutely denied everything. He didn't do anything. He just went home and went to sleep and we have the first taped statement, the second taped statement. And they are inconsistent, in and of themselves. If he told the truth in the first statement, then he lied in the second statement. And he also lied in the very, very first statement. So, he didn't tell the truth. He still hasn't told the truth.
The defendant said that he got off work about 10:30, went to the 
MR. KENNY: (Interposing) Your Honor, May we approach the bench?
THE COURT: Yes.
Thereafter, defense counsel moved for mistrial on the basis that the State's argument made reference to Barry's failure to testify. The trial court denied the motion for mistrial, ruling that the prosecutor's remark was not a comment on defendant's failure to testify, but was a comment on the inconsistencies and conflicts within the statements themselves.
The statement must be viewed in context, in the light of the circumstances of the case. State v. Jones, 204 So.2d 515 (Fla. 1967); Gosney v. State, 382 So.2d 838 (Fla. 5th DCA 1980). The prosecutor has a right to comment on the evidence as it exists before the jury. White v. State, 377 So.2d 1149, 1150 (Fla. 1979); Smith v. State, 378 So.2d 313, 314 (Fla. 5th DCA 1980). When defense counsel argued that defendant had told the truth in the taped statements the prosecutor was justified in arguing to the jury that he had not, and the trial court was correct in so holding.
*436 But even assuming that the complained of comment is fairly susceptible of being construed as a comment on defendant's failure to testify, it appears that in State v. Murray, 443 So.2d 955 (Fla. 1984) the Florida supreme court approved the application of the harmless error rule to comments on a defendant's failure to testify at trial.
In Murray, the court stated its agreement with the analysis of the Court in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), on remand, United States v. Hasting, 739 F.2d 1269 (7th Cir.1984), (a case involving a comment on a defendant's failure to testify), and held that the appropriate test to determine if error is prejudicial, i.e., so prejudicial as to vitiate the entire trial, is the "harmless error" rule set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and its progeny. Prior to Chapman, the United States Supreme Court had ruled in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) that a California statute permitting a prosecutor to comment on a defendant's failure to testify at trial was unconstitutional. Chapman had been tried and convicted in California prior to Griffin, and argued to the Supreme Court that a per se reversal was required because of the extensive comments made by the prosecutor on his failure to testify at trial. The Chapman court rejected the idea that reversal was mandatory, and held instead that the harmless error rule would apply.
In Hasting, supra, the Supreme Court again was faced with the question of whether prosecutorial comment on defendant's failure to testify at trial warranted reversal of his conviction. In reversing the circuit court of appeals which had earlier reversed the conviction, the Court said:
Since Chapman, the Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations, see, e.g., Brown, [v. United States] supra, 411 U.S. 223 at 230-232, 93 S.Ct. [1565] at 1569-1570 [36 L.Ed.2d 208 (1973)]; Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). The goal, as Chief Justice Traynor of the Supreme Court of California has noted, is "to conserve judicial resources by enabling appellate courts to cleanse the judicial process of prejudicial error without becoming mired in harmless error." Traynor, supra, at 81.
103 S.Ct. at 1980, 1981.
Although the defendant in Murray did testify so that the complained of comment was not on his failure to testify, the Murray court could have applied the "harmless error" rule to the facts of that case without embracing the philosophy of Hasting, because Florida courts have long recognized the application of the harmless error rule to many trial errors. See, e.g., Cobb v. State, 376 So.2d 230 (Fla. 1979). But by holding that:
[N]evertheless, prosecutorial error alone does not warrant automatic reversal of a conviction unless the errors involved are so basic to a fair trial that they can never be treated as harmless. The correct standard of appellate review is whether "the error committed was so prejudicial as to vitiate the entire trial." Cobb, 376 So.2d at 232. The appropriate test for whether the error is prejudicial is the "harmless error" rule set forth in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and its progeny. Murray, at 956.
and by embracing the principles of Chapman and Hasting, we can only conclude that the court was holding as well that the type of error reviewed in those cases  a comment on defendant's failure to testify at trial  would be reviewed in the light of the harmless error rule.
Unfortunately, Murray does not discuss Trafficante v. State, 92 So.2d 811 (Fla. 1957), or David v. State, 369 So.2d 943 (Fla. 1979), which stand for the proposition that a comment on defendant's failure to testify warrants reversal without consideration *437 of the harmless error rule. But the principles adopted in Murray are inconsistent with these earlier cases, and so it appears that the earlier cases no longer apply.
Rowell v. State, 450 So.2d 1226 (Fla. 5th DCA 1984) and DiGuilio v. State, 451 So.2d 487 (Fla. 5th DCA 1984) can both be distinguished on their facts. In both cases, there was testimony or comment designed to advise the jury that the defendant exercised his right to remain silent at the time of arrest. This is a fact of which the jury is unaware unless brought out by improper testimony, and is exceedingly prejudicial because of the inference to be drawn from it that an innocent man would have offered an explanation in the face of an accusation. However, when a defendant elects not to testify at trial, the jury is fully aware of it and an innocuous comment to that effect, such as was made here, can be no more prejudicial than the fact itself. "[A] defendant's election not to testify `is almost certain to prejudice the defense no matter what else happens in the court room.'" Hasting, supra, 103 S.Ct. at 1984 (Stevens, J., concurring). It hardly seems appropriate, therefore, to reverse an otherwise proper conviction because the prosecutor makes brief reference to something the jury is fully aware of and may very well take into consideration, despite any admonitions to the contrary. The single phrase spoken here was said in passing, and certainly was not a feature of the prosecutor's argument. Cf. Chapman, supra.
The evidence of guilt here is overwhelming, so if the comment was erroneous, it was harmless. The judgment of conviction is affirmed. However, because of the continued uncertainty as to the application of the harmless error rule to the facts here in light of Murray, we certify the following question to the Florida supreme court as one of great public importance:
HAS THE FLORIDA SUPREME COURT, BY ITS AGREEMENT IN STATE v. MURRAY, 443 So.2d 955 (Fla. 1984) WITH THE ANALYSIS OF THE SUPERVISORY POWERS OF APPELLATE COURTS AS RELATED TO THE HARMLESS ERROR RULE AS SET FORTH IN UNITED STATES v. HASTING, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), RECEDED BY IMPLICATION FROM THE PER SE RULE OF REVERSAL OF DAVID v. STATE, 369 So.2d 943 (FLA. 1979) AND TRAFFICANTE v. STATE, 92 So.2d 811 (FLA. 1957), WHERE THE PROSECUTOR COMMENTS ON DEFENDANT'S FAILURE TO TESTIFY AT TRIAL?
AFFIRMED. QUESTION CERTIFIED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.