DAUKSCH, Judge.
This is an appeal from an order placing appellant on probation for burglary.
Appellant presents for our review a case of prosecutorial misconduct. Although there is some question as to whether one of the prosecutor’s improper comments was preserved for our review by a timely objection, there is no question about the other improper comment. The prosecutor told the jury on final argument "... (defense counsel) asks you to allow his client to walk out of here a free man with no record and never having had to admit that he committed a crime.” This comment was about appellant’s failure to confess and testify at trial. Later in the argument the prosecutor said “I haven’t heard any evidence that he thought this car belonged to one of his friends.” An objection followed this comment, but not the other. A timely motion for mistrial was made. Ed Ricke and Sons, Inc. v. Green, 468 So.2d 908 (Fla.1985).
The evidence in this case was sufficient, in our opinion, to overcome the error so we affirm the conviction. However, we certify the same question we certified in Barry v. State, 467 So.2d 434 (Fla. 5th DCA 1985), viz:
Has the Florida Supreme Court, by its agreement in State v. Murray, 443 So.2d 955 (Fla.1984) with the analysis of the supervisory powers of appellate courts as related to the harmless error rule as set forth in United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), receded by implication from the per se rule of reversal of David v. State, 369 So.2d 943 (Fla.1979) and Trafficante v. State, 92 So.2d 811 (Fla.1957), where the prosecutor comments on defendant’s failure to testify at trial?
This is not to say we approve in the least the improper behavior of assistant state attorney Christopher White in departing from the proper ethical standards governing prosecuting attorneys.
AFFIRMED.
COWART, J., concurs.
SHARP, J., dissents with opinion.