494 So.2d 213 (1986)
Marshall Christopher LONG, Petitioner,
v.
STATE of Florida, Respondent.
Stephen Mitchell BARRY, Petitioner,
v.
State of Florida, Respondent.
Nos. 67091, 67031.
Supreme Court of Florida.
September 18, 1986.
James B. Gibson, Public Defender, Seventh Judicial Circuit, and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, for petitioners.
Jim Smith, Atty. Gen., and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for respondent.
EHRLICH, Justice.
We have before us two cases, Long v. State, 469 So.2d 1 (Fla. 5th DCA 1985), and Barry v. State, 467 So.2d 434 (Fla. 5th DCA 1985), which we have consolidated for our review. In both cases the Fifth District Court of Appeal certified the following question as being of great public importance:
HAS THE FLORIDA SUPREME COURT, BY ITS AGREEMENT IN STATE V. MURRAY, 443 So.2d 955 (Fla. 1984) WITH THE ANALYSIS OF THE SUPERVISORY POWERS OF APPELLATE COURTS AS RELATED TO THE HARMLESS ERROR RULE AS SET FORTH IN UNITED STATES V. HASTING, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), RECEDED BY IMPLICATION FROM THE PER SE RULE OF REVERSAL OF DAVID V. STATE, 369 So.2d 943 (Fla. 1979) and TRAFFICANTE V. STATE, 92 So.2d 811 (Fla. 1957), WHERE THE PROSECUTOR COMMENTS ON DEFENDANT'S FAILURE TO TESTIFY AT TRIAL?
We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the affirmative.
In our recent decision on rehearing of State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), we answered virtually the identical question in the affirmative, holding that comments on a defendant's silence are subject to harmless error analysis. We explained *214 the proper test that appellate courts must apply when performing a harmless error analysis:
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
At 1139.
In both cases below the district court applied an incorrect standard. In Long, the Court stated "the evidence in this case was sufficient, in our opinion, to overcome the error so we affirm the conviction." 469 So.2d at 1. In Barry, the Court stated: "The evidence of guilt here is overwhelming, so if the comment was erroneous, it was harmless." 467 So.2d at 437.[*]
Accordingly, we quash the decision of the district court in both cases and remand for consideration in light of DiGuilio.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, SHAW and BARKETT, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[*] disagree with the district court's suggestion in Barry that the prosecutor's statement, "[h]e still hasn't told the truth," was merely a comment on the evidence presented at trial. 467 So.2d at 435. This statement is fairly susceptible of being construed as a comment on the defendant's failure to testify.