538 So.2d 936 (1989)
Ernest FREEMAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 88-465.
District Court of Appeal of Florida, Second District.
February 8, 1989.
Douglas A. Wallace, Bradenton, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Freeman appeals from convictions for trafficking in cocaine, conspiracy to traffic in cocaine, possession of cocaine and possession of marijuana. Ten grounds are presented in support of reversing the convictions. We have considered each of them and find that three trial events sufficiently prejudiced Freeman's right to a fair trial to require reversal of the convictions.
During the trial a detective testified that when he questioned Freeman regarding the truthfulness of his answers to questions, Freeman stated: "Man, its not safe for me to talk. Look, you know, I want to talk to my dad. I want to talk to a lawyer before I say anything further." Freeman's *937 attorney objected and unsuccessfully moved for a mistrial. The state concedes that the foregoing testimony is "fairly susceptible" of being viewed as an improper comment upon Freeman's right to remain silent. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). The state contends, however, that the trial court's error was harmless because of the evidence demonstrating Freeman's guilt. The state misperceives the standard to be followed within the boundaries of DiGuilio in assessing harmless error. It has been settled by DiGuilio that prosecutorial comment upon a defendant's exercise of the right to silence is not automatic error, but is subject to the harmless error doctrine. 491 So.2d at 1137. Whether the error is harmless falls within the scope of appellate review. Id. We need not, however, undertake an extended analysis of this point. Our supreme court has left no doubt that the presence of "overwhelming evidence" is not the measure of harmless error, Long v. State, 494 So.2d 213 (Fla. 1986), and the burden falls to the state to convince the reviewing court that the error is harmless. 491 So.2d at 1139. It is obvious in the face of Long that the state has failed to meet its burden.
Another detective recounted an unrecorded telephone conversation with Freeman. The detective testified during the state's case that in the conversation Freeman sought an increased price for the cocaine because of a prior stop he had experienced on the Interstate during which "they didn't catch him, or he wasn't caught." We agree with Freeman's claim that such testimony was "other crimes" evidence within the meaning of section 90.404(2), Florida Statutes (1987), and thus was subject to the requirements of section 90.404(2)(b)1. The trial court erred when it overruled Freeman's objection and motion for mistrial.
Finally, over the objection of Freeman's attorney, the trial court again denied a motion for mistrial and permitted a confidential informant to testify as follows:
Q. Mr. Allen, how do you feel about testifying in court as an informant?
MR. PRATT: Objection, Your Honor. Irrelevant.
THE COURT: Overruled.
A. I'm nervous.
Q. Are you frightened or intimidated by Mr. Freeman or Mr. Carter?
MR. PRATT: Objection.
MR. LIPINSKI: Judge, objection. Move for a mistrial.
THE COURT: Overruled.
MR. PRATT: Request a curative instruction.
THE COURT: Overruled.
A. I haven't been intimidated.
Q. No. I say: Are you? Are you scared to testify in this kind of case?
A. Naturally, I'm concerned about any possibilities.
MR. JENKINS: Okay, thank you. That's all I have.
THE COURT: Mr. Pratt, you may cross.
Here, too, the state concedes that the questioning of the confidential informant was improper but urges the notion that Koon v. State, 513 So.2d 1253 (Fla. 1987), shields the trial court's rulings from error. The state is wrong. Although the confidential informant did not expressly blame Freeman as the source of his anxiety, he inferentially implicated Freeman. Furthermore, the challenged questioning occurred in the state's case in chief and not, as in Koon, during the cross examination of a witness. 513 So.2d at 1256. We recognize that third party threats may be admissible in some circumstances, but they may also be deemed sufficiently prejudicial to require "exclusion." Id. The state has offered us nothing from which we are able to conclude that the confidential informant's testimony did not prejudice Freeman's right to a fair trial.
In sum, although it would be appropriate to reverse Freeman's convictions solely on the incursion into his right to silence, there can be no mistake that the errors cumulatively tainted his constitutional entitlement to a fair trial.
*938 Accordingly, we reverse and remand for a new trial.
SCHEB, A.C.J., and PARKER, J., concur.