DANAHY, Acting Chief Judge.
A jury found the appellant and a code-fendant, Ernest Freeman, Jr., guilty of trafficking in cocaine and conspiracy to traffic in cocaine. Freeman was also found guilty of possessing cocaine and marijuana.
The appellant and Freeman filed separate appeals from their resulting convictions. Freeman’s appeal was heard first by another panel of this court which reversed and remanded for a new trial. Freeman v. State, 538 So.2d 936 (Fla. 2d DCA 1989). Two trial errors identified in Freeman also appear with respect to the instant appeal. As in Freeman, we reverse the appellant’s conviction because of those errors and remand for a new trial.
The first error occurred when the state was permitted to elicit testimony from two different detectives which, as in Freeman, is fairly susceptible of being viewed as an improper comment upon the appellant’s right to remain silent. We fully adopt our reasoning in Freeman that the state has failed to meet its burden of convincing this court that the improper comments upon the appellant’s right to remain silent constituted harmless error.
In Freeman, this court recounted testimony of a confidential informant which was permitted over the objection of the appellant as well as of Freeman. We will not repeat that testimony here; as in Freeman, we find that the state has offered us nothing from which we are able to conclude that the confidential informant’s testimony did not prejudice the appellant’s right to a fair trial.
For the foregoing reasons, we reverse and remand for a new trial.
HALL and ALTENBERND, JJ., concur.