## MILLER v STATE OF FLORIDA

### Case No. 88-60AC10 (County Court Case No. 87-23866MM10)

Seventeenth Judicial Circuit, Broward County

October 23, 1989

#### APPEARANCES OF COUNSEL

**Kenneth E. Delegal,** for appellant.

**Carolyn V. McCann,** Assistant State Attorney, for appellee.

#### OPINION OF THE COURT

ROBERT B. CARNEY, Circuit Judge.

THIS CAUSE having come before this Court upon an appeal of the Trial Court's Denial of Appellant's Motion for Mistrial, and the Court having received and reviewed appellate briefs, and being fully advised in the premises, makes the following findings of facts and conclusions of law:

FINDINGS OF FACTS:

1. On October 1, 1987 the appellant, Gloria K. Miller, was arrested for driving under the influence contrary to Fla. Stat. § 316.193(1). On

June 10, 1988 a jury trial was held and the appellant was found guilty of the offense.

2. During closing statements the prosecutor made two comments which the appellant objected to and which where the basis for the motion for mistrial. The Trial Court denied the motion on both occasions.

BASED ON THE FOREGOING THIS COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. Pursuant to *Romero v State,* 435 So.2d 318 (Fla. 4DCA 2983), *citing Allen v State,* 320 So.2d 828 (Fla 4DCA 1975), when a defense counsel implies that a certain individual is the true perpetrator of the offense for which the defendant is charged, a subsequent comment by the prosecutor is not reversible error. When a defendant comments on the State's failure to call certain witnesses, the State is entitled to rebuttal, which does not prejudice the rights of the defendant to a fair trail. *Dixon v State,* 206 So.2d 55 (Fla. 4DCA 1968), *Henry v State,* 483 So.2d 860 (Fla. 5DCA 1986).

B. The Supreme Court in *State v Kinchen,* 490 So.2d 21 (Fla. 1985) held that the "fairly susceptible" test should be applied whenever a comment is made on a defendant's right to remain silent. Any comment which is fairly susceptible of being interpreted as a comment on silence will be treated as such.

C. In *DiGulio v State,* 491 So.2d 1129 (Fla. 1986) the Supreme Court held that the harmless-error doctrine was applicable to comments made on the defendant's silence. The burden is on the State to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict.

D. The Appellate Court must conduct a two prong test in determining whether the error is reversible. First the Court examines the permissible evidence to determine whether it was conclusive. Then the Court examines the impermissible evidence to determine if it might have possibly influenced the jury. *DiGulio,* at 1135. (1986). The Court must not substitute itself for the trier of fact but instead must ask whether there is reasonable possibility that the error affected the trier of fact. *DiGulio,* at 1139 (1986)

E. The test to be applied is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. The presence of overwhelming evidence is not the measure of the harmless error doctrine. See, *DiGulio,* at 1139, *Free-*

53

man v State, 538 So.2d 936 (Fla. 2d DCA 1989) *citing Long v State,* 494 So.2d 213 (Fla. 1986).

F. Accordingly, we find that the State did not meet its burden of showing that the error complained of did not without a reasonable doubt contribute to the jury's verdict. The primary defense of the defendant was put into jeopardy and severely questioned when the State made the comment on the defendant's post-arrest silence. This Court cannot find within a reasonable possibility that the error did not affect the jury's verdict.

WHEREFORE, it is ORDERED AND ADJUDGED that the Trial Court Denial for Motion for Mistrial is hereby REVERSED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 23rd day of October, 1989.