KLEIN, J.
Defendant appeals his convictions for armed robbery, attempted armed robbery, and resisting arrest without violence, arguing that testimony that one witness was threatened and another was offered a bribe was erroneously admitted into evidence We reverse.
Defendant was charged with robbing several people who were shooting dice late at night. One victim of the crime named Adams was allowed to testify, over the objection of the defense, that he had been offered a bribe not to testify. Adams testified that he had received a telephone call from his friend J.B. who was in jail. J.B. told Adams that another person wished to speak with him, and J.B. then put that person on the line. That person identified himself as Floyd and offered Adams money in return for not testifying. Adams testified that he asked the caller why he had robbed him, and that the caller replied:
He say it just be like that. You know what I am talking about? It is just a late night or whatever and you know, that’s the rules of the game or whatever, long story short.
Evidence of threats made against witnesses is generally inadmissible unless the state can establish that the threats are attributable to the defendant. Koon v. State, 513 So.2d 1253 (Fla.1987). The state has the burden of demonstrating the defendant’s involvement with the threat by clear and convincing evidence. Melendez v. State, 700 So.2d 791 (Fla. 4th DCA 1997).
Defendant argues that there was no proof that he was the person making the telephone call, and that it was accordingly error to admit the testimony about the bribe. The state responds that it was possible, from the contents of the telephone conversation, for the witness to identify the defendant as the person making the call. The witness was not familiar with the defendant’s voice, but the state argues that the caller’s explanation as to why he had robbed him demonstrated that the caller was familiar with the details of the crime, citing Zeigler v. State, 402 So.2d 365 (Fla.1981).
In Zeigler the witness had placed the call, and the call was answered with “Zeigler’s Furniture Store.” The caller then asked to speak with Zeigler, and the response was “this is he speaking.” In addition, the caller had had a previous conversation with Zeigler. In that case the court held that the evidence of the conversations in the calls was sufficient to identify the caller as Zeigler.
In the present case the only evidence was that the caller identified himself as Floyd, the first name of the defendant, and the explanation about the robbery. The explanation regarding the robbery does not show that the caller had sufficient details of the robbery so as to identify the caller as having participated in the robbery. The only fact in the conversation was that it was “a late night.” This was not sufficient to carry the state’s burden of demonstrating the defendant’s involvement with the threat by clear and convincing evidence. See Melendez.
We also reject the state’s argument that the admission of the offer of a bribe was harmless. The erroneous admission in evidence of other uncharged criminal offenses can amount to a denial of a defendant’s “constitutional right to a fair trial.” Thompson v. State, 494 So.2d 203, 204 (Fla.1986). This type of evidence is presumed harmful. Gore v. State, 719 So.2d 1197, 23 Fla. L. Weekly S518 (Fla.1998); Holland v. State, 636 So.2d 1289 (Fla.1994).
The trial court also permitted another victim, Ellison, to testify about a threat. Ellison, after being called to the stand, initially refused to speak. The state then asked him if there was a reason for his silence, and he responded that he had received a telephone call from a “Walter,” who told him that he was related to “Floyd.” Walter told Ellison that he better not testify.
*837 The state did not establish that this threat was connected to the defendant, but there is an exception to the general rule of inadmissibility, where the threat bears on the credibility of the witness. Under those circumstances the witness can testify about the threat even if the threat has not been connected to the defendant. Koon, 513 So.2d at 1256. The threat is only admissible if the prejudice of admitting it is outweighed by the probative value. State v. Price, 491 So.2d 536 (Fla.1986).
The trial court did not err in allowing the evidence of the threat in order to explain why Ellison was initially silent. Because of the prejudicial nature of such testimony, the trial court should, on retrial, instruct the jury that the threat is only admissible for the purpose of assessing the credibility of the witness and that it is not evidence of defendant’s guilt. Lopez v. State, 716 So.2d 301, 23 Fla. L. Weekly D1752 (Fla. 3d DCA1998).
As is apparent from Thompson and Gore, evidence of efforts to bribe or threaten witnesses, when erroneously admitted, creates a high risk that the error will require a new trial. In Judge Sorondo’s specially concurring opinion in Lopez, he suggests that the party offering this type of evidence should first run it by the court, outside the presence of the jury, in order to make sure that it is sufficiently connected to the defendant or admissible for other reasons. We agree.
We have considered the other issues raised by defendant and find them to be without merit. We reverse and remand for a new trial.
GROSS, J., and BAILEY, JENNIFER D., Associate Judge, concur.